CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 17 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAUL E. HILL, JR., <br> Plaintiff, | ) <br> ) Civil Action No. 5:08cv00061 |
| v. | ) <br> ) **MEMORANDUM OPINION** |
| AUGUSTA COUNTY SCHOOL <br> BOARD, et. al. <br> Defendants. | ) <br> ) By: Samuel G. Wilson <br> ) United States District Judge |

Paul E. Hill, Jr. brings this suit under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (2000) ("ADEA") against his employer, the Augusta County School Board ("School Board"), and Superintendent Gary McQuain, claiming that they unlawfully discriminated against him on account of his age when they failed to promote him to Assistant Superintendent for Operations in December 2005 and to a principalship in June 2006. This matter is before the court on Defendants' Motion for Summary Judgment. The court finds that Defendants have articulated legitimate, non-discriminatory reasons for not promoting Hill, specifically the relative qualifications of the candidates and Hill's performance record, and finds that Hill has not shown that these reasons were a pretext for age discrimination. The court finds no genuine issue of material fact and accordingly grants summary judgment to Defendants.

I.

In July 2001 Defendants promoted Hill, then 45 years old, from assistant principal to principal of Fort Defiance High School ("FDHS"). In December 2005, while still principal at FDHS, Hill applied for the newly available position of Assistant Superintendent for Operations ("Assistant Superintendent"). Hill interviewed with George Earhart, a school board administrator, but ultimately, Earhart recommended another principal from the district, Eric

Bond. Defendant McQuain also considered the candidates and recommended Bond to the School Board. On December 9, 2005, Hill learned that Bond had received the position. At that time, Hill and Bond were 49 and 38 years old, respectively. Unlike Hill, Bond did not hold a doctorate degree, but was enrolled in a doctorate program and had served as a principal longer than Hill.

Earhart and McQuain have filed affidavits in which they state that they selected Bond based on the relative qualifications of all the candidates they considered. (Earhart Aff. ¶ 3; McQuain Aff. ¶ 5.) McQuain believed Hill "was not the most qualified applicant because of concerns about his ability to work without supervision; his financial management skills; his ability to communicate effectively and professionally; and his overall professional judgment." (McQuain Aff. ¶ 14.) Specifically, Hill had not conformed to the school board's budgetary plan (McQuain Aff. ¶ 8); the school board administration had to intervene when a parent complained that Hill had acted "inappropriate[ly] and unprofessional[ly]" when he addressed her child's distribution of religious flyers in violation of school board policy (McQuain Aff. ¶ 11); and a student-started fire damaged property and disrupted classes, but no students were detected or punished. (McQuain Aff. ¶ 12.) McQuain said that Hill had a "my way or the highway" attitude (McQuain Aff. ¶ 10), and had alienated himself from other district principals, who are subject to the Assistant Superintendent's management. (McQuain Aff. ¶ 16.) In his deposition, Hill acknowledged that Defendants probably perceived him as "hard to manage" (Hill Dep. 81), and that they probably believed Bond would be "more of a team player." (Hill Dep. 91.)

Defendants point to several incidents during the Spring 2006 semester that generated negative publicity for the school and community and caused concern for parents and the School Board: Teachers showed R-rated movies during class; a student defecated in a bowl and sent it

2

down the cafeteria dish conveyor belt; the kitchen staff staged a walk-out; the cafeteria kitchen failed code requirements for sanitation; and the soccer team was investigated for suspected drug use. In late April 2006, Defendants informed Hill that he would not return as principal the next year. In a letter to Hill, Defendants explained that they removed him from the position of principal because of his performance record at FDHS, his characterization of the 2005-06 school year as "the worst year of [his] career" (Hill Dep. 183), and his statement that he had no plans for improvement at FDHS. (McQuain Ex. 16.)

On June 6, 2006 Hill signed a contract to transfer to the position of Truancy Officer in the central administration office. On June 9, 2006 Hill applied for the newly available position of principal of Wilson Memorial High School ("WMHS"). McQuain believed that Hill was not qualified for the position based on his performance as FDHS principal. (McQuain Aff. ¶ 26.) Defendants rejected Hill's application for the same reasons that they removed him from the FDHS principalship, and a man younger than Hill received the position.

When the EEOC issued Hill a Notice of the Right to Sue, Hill brought suit claiming that Defendants unlawfully discriminated against him on account of his age when they failed to promote him to Assistant Superintendent in December 2005 and to WMHS principal in June 2006. Defendants moved for summary judgment on May 21, 2009, and Hill did not respond before the court held a hearing on the motion on June 18, 2009, despite the court's previous Scheduling Order that required a brief in opposition to be filed within 14 days of the service of the movant's brief.

## II.

The court finds that Defendants have articulated legitimate, non-discriminatory reasons

for not promoting Hill, specifically the relative qualifications of the candidates and Hill's performance record, and finds that Hill has not shown that these reasons were a pretext for age discrimination. The court finds no genuine issue of material fact and accordingly grants summary judgment to Defendants.[1]

To establish a claim under the ADEA, an employee must show that the adverse employment action would not have occurred *but for* the employer's discriminatory motive. E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 940 (4th Cir. 1992); see also Gross v. FBL Fin. Servs., 129 S. Ct. 2343, 2350 (2009) (holding that an employee must prove by a preponderance of the evidence that age was the but-for cause of the adverse employment action in all disparate treatment claims under the ADEA). "The plaintiff may meet this burden under the ordinary standards of proof by direct or indirect evidence . . . . [i]n the alternative, a plaintiff may resort to the judicially created scheme established in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973)." Clay Printing, 955 F.2d at 940.[2]

Because Hill offers no direct evidence of age discrimination, the court examines Hill's

---

[1] Summary Judgment is proper "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views the evidence and makes all reasonable inferences in the light most favorable to the nonmoving party. Sempione v. Provident Bank of Md., 75 F.3d 951, 954 (4th Cir. 1996). "While courts must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue, summary judgment disposition remains appropriate if the plaintiff cannot prevail as a matter of law." Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 958-959 (4th Cir. 1996).

[2] Although McDonnell-Douglas originated in the context of a Title VII claim, courts have adopted the framework in ADEA cases. E.g., Lovelace v. Sherwin-Williams Co., 681 F.2d 230 (4th Cir. 1982); Smith v. Flax, 618 F.2d 1062 (4th Cir. 1980); Clay Printing, 955 F.2d at 940.

4

claims under the burden-shifting framework of McDonnell-Douglas. Pursuant to that framework, once the employee establishes a prima facie case of discrimination,[3] the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its challenged action. McDonnell-Douglas, 411 U.S. at 802. "The ultimate burden of *persuading* the trier of fact . . . remains at all times with the plaintiff." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981) (emphasis added). If the employer satisfies its burden of production, then the presumption of discrimination established by the prima facie case disappears, and the employee must show that the employer's proffered reasons were merely a pretext for discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993); Rowe v. Marley Co., 233 F.3d 825, 829 (4th Cir. 2000) ("[P]roving a discrimination claim under [the ADEA] requires a showing that an employer's asserted non-discriminatory reason for the challenged employment action is actually a pretext.").

"Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." Evans, 80 F.3d at 960. An employee's "unsubstantiated allegations and bald assertions concerning [his] own qualifications and the shortcomings of [his] co-workers fail to disprove [an employer's] explanation or show discrimination," and do not establish a genuine issue of material fact. Id. "Mere speculation by the plaintiff that the defendant had a discriminatory motive is not enough to withstand a motion

---

[3]To make out a prima facie case under McDonnell-Douglas, the employee must show that: (1) he was a member of the protected class; (2) there was a specific position for which he applied; (3) he was qualified for that position; and (4) the employer rejected his application under circumstances giving rise to an inference of discrimination. See Williams v. Giant Food, Inc., 370 F.3d 423, 430 n.3 (4th Cir. 2004) (applying McDonnell-Douglas in the failure-to-promote context).

5

for summary judgment." McNeal v. Montgomery Co., 307 Fed. App'x 766, 774 (4th Cir. 2009). With these standards in mind, the court analyzes each claim in turn.

A.

Assuming without deciding that Hill can establish a prima facie case of discrimination, the court finds that Defendants have articulated legitimate, non-discriminatory reasons for not promoting Hill to Assistant Superintendent, specifically Defendants' perception that Bond was better qualified and a team player. Hill has not shown that these reasons were a pretext for age discrimination. Accordingly, the court grants summary judgment to Defendants.

In an effort to disparage Defendants' proffered reasons for selecting Bond rather than Hill, Hill argues that Bond was less qualified because he did not have a doctorate degree at the time of his promotion. However, this argument is a non-starter because, under the ADEA, an employer may place more value on any job-related qualification it chooses, so long as it does not discriminate against a protected individual on account of age. See Smith, 618 F.2d at 1067 (noting that a plaintiff's contention that she was better qualified is not entitled to any weight; "it is the perception of the decision maker which is relevant"); Wileman v. Frank, 979 F.2d 30, 38 (4th Cir. 1992) ("[T]he employer has discretion to choose among equally qualified candidates provided the decision is not based upon unlawful criteria"). Defendants were free to select the applicant they felt was best suited for the position on any ground other than a discriminatory one. Even Hill believed that Defendants viewed him as hard to manage and viewed Bond as more of a team player – legitimate, non-discriminatory reasons for selecting Bond. Under the circumstances, Hill has raised no material issue of fact for trial in support of his claim that Defendants failed to promote him to Assistant Superintendent on account of his age.

6

**B.**

Hill's claim that Defendants discriminated against him when they failed to select him as WMHS principal stands on no better footing than Hill's claim regarding the Assistant Superintendent position. Accordingly, the court grants Defendants' Motion for Summary Judgment as to that claim as well.

Defendants denied Hill the WMHS principalship immediately following Hill's self-proclaimed worst year of his career. Defendants reference a string of incidents that negatively portrayed FDHS in the media and community, and, in their opinion, showcase Hill's lack of supervision and the need for stronger administrative oversight. This uncontradicted evidence demonstrates that they transferred Hill from FDHS principal to Truancy Officer based on their perception of Hill's performance during the 2005-06 school year and on Hill's failure to engage in a plan to address the problems at FDHS for the upcoming school year. Having already removed Hill from the position of principal at one school because they perceived he had performed poorly - it follows that they would not then immediately promote Hill to a principalship at another school. Furthermore, the fact that McQuain, the person who promoted Hill in July 2001 to his first principalship, chose not to promote Hill on this occasion provides "a strong inference . . . that discrimination was not a determining factor for the adverse action." Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991). In short, Hill fails to provide any evidence whatsoever that Defendants discriminated against him on account of his age, or that his age played any role in Defendants' decision to not promote him. Accordingly, the court grants

summary judgment to Defendants as to this claim.[4]

### III.

For the foregoing reasons, the court will grant Defendants' Motion for Summary Judgment.

**ENTER**: This July 17, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[4] On June 30, 2009, after the time limit to respond to Defendants' Motion for Summary Judgment had expired, Hill moved for Leave to File Late Response. Despite Hill's violation of the court's Scheduling Order, the court grants Hill leave to file and has reviewed Hill's motion and supporting affidavit, which purport to clarify alleged factual inconsistencies regarding Defendants' affidavits. However, Hill offers no evidence that contradicts Defendants' perception that Bond was the more qualified applicant and that Hill's performance in the 2005-06 was not worthy of a promotion. Although the court permits Hill to file his response, it finds that Hill's motion and affidavit do not raise a material issue of triable fact.